

FILED by ___ CF ___ D.C.
ELECTRONIC
NOV 14, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **08-60332-CR-COHN/SELTZER**
18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

**NOEL BERES,**

        **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Information:

1. Secure Payment Services of America, LLC ("Secure Pay") was a Florida corporation with its principal place of business in Broward County at Suite 208, 2021 Tyler Street, Hollywood, Florida. Secure Pay was incorporated in or about June 2005 and began doing business in or about July 2005.

2. Secure Pay engaged in the sale of bill payment machine business opportunities. Potential purchasers were initially told that, for a minimum purchase price of approximately $13,000, they would receive several bill payment terminals and assistance in running a bill payment terminal business. According to Secure Pay salespeople, "outside locating firms" would provide purchasers with high-traffic locations in which to place the terminals. Potential purchasers were told that after

being placed in the locations, the terminals would be used by members of the public to pay personal bills for a fee. According to the defendant and his co-conspirators, a business opportunity purchaser, known as a "distributor," would earn substantial profits from the fees generated when members of the public used the distributor's bill payment terminals.

3. Defendant **NOEL BERES** was a Secure Pay founder, principal and director.

## COUNT 1
### Conspiracy to Commit Mail Fraud
### (18 U.S.C. § 371)

1. Paragraphs 1 through 3 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2005 through in or around September 2007, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**NOEL BERES,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to commit certain offenses against the United States, that is to knowingly and with intent to defraud devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly cause to be delivered certain matter by a private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341.

2

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by obtaining money from potential business opportunity purchasers by making materially false representations, and omitting to state and concealing material facts concerning, among other things, expected profits and the services Secure Pay and outside locating firms provided to purchasers.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. The defendant's co-conspirators began doing business as "Secure Payment Services of America, LLC" in or about June 2005.

5. The defendant and his co-conspirators advertised the Secure Pay opportunity on its own website, located at securepayusa.com, as well as umbrella business opportunity websites, which advertised for many different business opportunity firms.

6. Potential purchasers who responded to Secure Pay's advertisements were placed in touch with salespeople. Salespeople and others explained that, for an investment of roughly $13,000, a purchaser received three bill payment terminals, the terminals would be placed in locations in the purchaser's geographical area and, according to the sales pitch, the terminals would be used by the public to pay personal bills for a fee. According to the sales pitch, the distributor collected commissions based upon terminal use.

7. The defendant and his co-conspirators sent professional-looking, glossy brochures to potential purchasers via overnight carrier DHL Express. The materials touted the supposed

3

profitability of the Secure Pay business opportunity.

8. At times during the conspiracy, the Secure Pay brochure contained a cover letter, which stated: "Dear Potential Client: Congratulations on your first step to financial security." The brochure listed the minimum package price of $12,975. It stated that this package included the following: "3 CPUs, 3 LCD Monitors, 3 Receipt Printers, Security Configuration and Encryption, On-site Training and Installation, Technical Support, Distributor ID#, J Hooks-Prepaid Debits Cards, Real Time Online Reporting, All Point of Sale Posters and Banners, Placement Services."

9. After the potential purchaser received the brochure by DHL Express, a Secure Pay salesperson made an extended sales pitch to the potential purchaser. During this sales pitch, salespeople made a number of false representations about the Secure Pay business opportunity, earnings projections, and the help and support that Secure Pay provided. The salesperson then finalized the purchaser's initial investment. Purchasers sent their payments to Secure Pay by DHL Express and other means.

10. To fraudulently induce others to purchase business opportunities, **NOEL BERES** and his co-conspirators made, and caused others to make, numerous materially false statements, and **BERES** and his co-conspirators concealed and omitted to state, and caused others to conceal and omit to state, material facts, including, among others, the following:

### Materially False Statements

a. That "locators" would secure highly profitable locations for distributors to place their bill payment terminals in the distributor's respective local areas, when, in truth and in fact, locators rarely obtained viable locations in which to place Secure Pay machines, and locations that were found were not highly profitable;

b.  That a distributor should expect to earn back the cost of his or her investment in the Secure Pay business opportunity in 14 months or less when, in truth and in fact, not a single distributor had earned back his or her investment in 14 months or less, nor was any distributor on track to do so;

c.  That the Secure Pay business opportunity was highly profitable for distributors when, in truth and in fact, the defendant and his co-conspirators were the only individuals who profited from Secure Pay;

## Omission and Concealment of Material Facts

d.  That many Secure Pay purchasers complained to **NOEL BERES** and other Secure Pay employees about Secure Pay's and locators' failures to provide them with a profitable business opportunity; and

e.  That references, whom **NOEL BERES** and his co-conspirators told potential purchasers to call, were paid to take calls from potential purchasers.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed, or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.  In or about January 2007, **NOEL BERES** and his co-conspirators caused a letter to be sent to potential Secure Pay purchaser R.S., which began: "Dear Potential Distributor, Congratulations on your first step to financial security."

All in violation of Title 18, United States Code, Sections 371.


_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


_____
RICHARD N. GOLDBERG
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

NOEL BERES,

          Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

Court Division: (Select One)

  ___ Miami   ___ Key West
  _X_ FTL     ___ WPB   ___ FTP

New Defendant(s)   Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
   List language and/or dialect  _____

4. This case will take   _0_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days      _0_         Petty        ___
   II   6 to 10 days     ___         Minor        ___
   III  11 to 20 days    ___         Misdem.      ___
   IV   21 to 60 days    ___         Felony       _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:   _07-6301-Snow_
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _No_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _No_ No

                                        RICHARD N. GOLDBERG
                                        DOJ TRIAL ATTORNEY
                                        Court No. A5500676

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Noel Beres    **Case No:** _____

Count #:   1

18 U.S.C. § 371

Conspiracy to Commit Mail Fraud

**\*Max Penalty:**   5 years' imprisonment

Counts #:

**\*Max Penalty:**

Count #:

**\*Max Penalty:**

Count #:

**\*Max Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.